UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILFREDO COLON,

Plaintiff,

v. Case No: 6:12-cv-1447-Orl-18TBS

SECRETARY, DEPARTMENT OF HOMELAND SECURITY

Defendant.

---

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's motion to proceed in forma pauperis. (Doc. 2). Upon consideration of Plaintiff's motion and a sua sponte analysis of Plaintiff's Amended Complaint (Doc. 12), I respectfully recommend that Plaintiff's motion be denied and that Plaintiff's complaint be dismissed without prejudice.

### I. Background

Plaintiff Wilfredo Colon is a bilingual college graduate who asserts that he suffered from discrimination and retaliation by Defendant from August 22, 2004 to January 4, 2006.[2] On August 19, 2004, Plaintiff heard on the radio that the Federal Emergency Management Agency ("FEMA") was hiring 500 preferably bilingual "disaster assistance temporary workers." Plaintiff had prior experience working with disaster relief efforts and immediately contacted FEMA via the Orlando Disaster Field Office to apply for a position. He initially delayed in submitting his application because of concerns over his credit

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] Unless otherwise noted, all facts taken from Plaintiff's Amended Complaint. (Doc. 12).

score, but after a younger friend with no prior experience and poor credit was hired on the spot, he returned to FEMA to apply. A Mr. Johnson took Plaintiff's resume and application but did not hire Plaintiff immediately, as he had Plaintiff's friend. Concerned that FEMA did not hire him immediately, Plaintiff returned to the office the next day and asked to speak to Mr. Johnson's supervisor, Ms. McAllister. When that proved unfruitful, Plaintiff began calling the Orlando Disaster Field Office a few times a week asking to speak to Ms. McAllister, who finally hired him for the position of "Pre-Placement Interviewer" on September 24, 2012. During his first month of work, Plaintiff's two supervisors generally commented on his good work, however, they left and were replaced by a Ms. Cisneros and a Mr. Shaw. Soon after starting, Ms. Cisneros grew close to Mr. Johnson and suspicious of Plaintiff's work. She asked Mr. Shaw to review Plaintiff's work regularly, and eventually ordered Plaintiff to sit in front of her so that she could see his computer screen while he worked.

At least four Hispanic women, all of whom were less educated than Plaintiff, were promoted to long-term positions while Plaintiff was overlooked. In fear of losing his job, Plaintiff asked his department head if she would consider him for another position. Plaintiff hoped to be transferred into the Recertification Department, like many of his co-workers, but the department head told Plaintiff she could only transfer him to the Resources Department, which was undergoing a downsizing. Plaintiff applied for a two year term in the Resources Department but was not selected for the job. Younger employees with less education and experience were selected in his stead. While still working in resources, Plaintiff filled out many applications for long-term positions, but he was not selected. Plaintiff was let go in August of 2005, one day after he submitted a suggestion concerning improvements in the workplace.

After Hurricane Katrina struck, FEMA called on many former employees but it did not call Plaintiff. On a tip from a friend, Plaintiff applied at the Spherion Employment Agency where he was hired immediately and sent back to FEMA. There, Plaintiff worked under a Ms. Jackson, who was also the Floor Manager of the Resources Department during Plaintiff's previous tenure. Ms. Jackson moved Plaintiff to the night shift with new and inexperienced workers, while Plaintiff's former colleagues retained better positions. In January of 2006, Plaintiff and a small number of others were discharged from their positions. Plaintiff filed his first complaint with the Equal Employment Opportunity Commission ("EEOC") in January of 2005, his second complaint in August of 2005, and his third in January of 2006.

Plaintiff filed this action together with his motion to proceed in forma pauperis on September 21, 2012. (Docs. 1 & 2). After an initial review, I found Plaintiff's Complaint deficient because he had not alleged the federal statute under which he filed his claim; he did not allege a prima facie case of discrimination pursuant to Title VII; he did not assert that he had exhausted his administrative remedies or timely filed his suit; and he had not listed his injuries or requested damages or other relief. Rather than recommend that Plaintiff's motion be denied and his case dismissed, I outlined my concerns in an Order which also afforded him an opportunity to amend his Complaint. (Doc. 5). Plaintiff subsequently filed a motion to appoint counsel, which the Court denied. (Docs. 7 & 9). Plaintiff's Amended Complaint, filed on November 15, 2012, contains a lengthy statement of facts and renews his motion to appoint counsel. (Doc. 12). However, I find that the Amended Complaint also fails to state a cause of action upon which relief can be granted.

## II. Discussion

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. See id.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Federal Rule of Civil Procedure 8(a) requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Plaintiff's Amended Complaint contains the same deficiencies I noted in his initial pleading.  He alleges discrimination, but he does not assert the federal statute(s) under which he brings his cause of action.  Assuming he brings his claim pursuant to Title VII of the Civil Rights Act of 1964, Plaintiff has not alleged a prima facie case of discrimination.  Under the framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to state a claim, Plaintiff must allege that he is a qualified member of a protected class and was subject to an adverse employment action in contrast to similarly situated employees outside the protected class.  Alvarez v. Royal Atlantic Developers, Inc., 610 F.3d 1253, 1264 (11th Cir. 2010).  While it appears that Plaintiff believes he was discriminated against based upon his age, he has not alleged how old he is or the ages of the individuals who obtained the positions he was seeking.  Consequently, Plaintiff has not alleged that he is a member of a protected class and he has not stated any facts tending to show that he suffered an adverse employment action as a result of his membership in that protected class.  In addition, Plaintiff alleges that he filed three complaints with the EEOC but fails to assert whether the EEOC has sent him a "right-to-sue" letter, leaving the Court uncertain as to whether Plaintiff has exhausted his administrative remedies or timely filed this suit.  See 42 U.S.C. § 2000e-5. Last, Plaintiff has not listed his injuries or made a request for damages.  Accordingly, Plaintiff's Amended Complaint is facially insufficient under Rule 8.

Plaintiff also uses his Amended Complaint to renew his motion for a court appointed attorney.  (Doc. 12).  Unlike criminal defendants, a civil litigant has no absolute constitutional right to the appointment of counsel.  Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987).  Instead the appointment of counsel for a civil litigant is a privilege that is

justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex that they require the assistance of a trained practitioner. Id. While there is no precise definition of what constitutes exceptional circumstances, courts have considered various factors including: (1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to investigate adequately the case, and (4) whether the evidence will consist in large part of conflicting evidence and in cross examination. Collins v. Homestead Correctional Ins., 452 F. App'x 848, 850 (11th Cir. 2011) (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)). The key to whether a court should appoint counsel is "whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). The facts and potential issues Plaintiff has included in his Amended Complaint do not suggest a high level of complexity warranting the appointment of counsel. Discrimination cases are common, and at this point, nothing distinguishes this case from other cases in which pro se plaintiffs are denied appointed counsel. In sum, presently there is no exceptional circumstance justifying appointment of counsel for Plaintiff.

## III. Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court: **DENY** Plaintiff's motion to proceed in forma pauperis (Doc. 2); **DENY** Plaintiff's renewed motion for appointment of counsel (see Doc. 12); and **DISMISS** his case without prejudice, with leave to amend.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on the 27th day of November, 2012.

                                                                                  THOMAS B. SMITH
                                                                                  United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties