UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILFREDO COLON,

    Plaintiff,

v.                                                    Case No: 6:12-cv-1447-Orl-18TBS

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff Wilfredo Colon's second motion to proceed *in forma pauperis*. Upon consideration of Plaintiff's motion and a *sua sponte* analysis of his Second Amended Complaint ("SAC") (Doc. 15), I respectfully recommend that Plaintiff's motion be denied and that this action be dismissed with prejudice.

### I. Background[2]

In his first Amended Complaint, Plaintiff alleged that he is a bilingual college graduate who suffered discrimination and retaliation by Defendant from August 22, 2004 to January 4, 2006. On August 19, 2004, he heard on the radio that the Federal Emergency Management Agency ("FEMA") was hiring 500 preferably bilingual "disaster assistance temporary workers." He had prior experience working with disaster relief efforts and immediately contacted FEMA's Orlando Disaster Field Office to apply for a

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] Unless otherwise stated, all facts are taken from my report and recommendation regarding Plaintiff's first amended complaint. (Doc. 13).

position.  Initially, he delayed submitting his application because of concerns about his credit score, but after a younger friend with no prior experience and poor credit was hired on the spot, he returned to FEMA to apply.  A Mr. Johnson took his resume and application but did not hire him immediately, as he had Plaintiff's friend.  Concerned that FEMA did not hire him immediately, Plaintiff returned to the office the next day and asked to speak to Mr. Johnson's supervisor, Ms. McAllister.  When he was still not hired, Plaintiff began calling the Orlando Disaster Field Office a few times a week asking to speak to Ms. McAllister.  Eventually, she hired him for the position of "Pre-Placement Interviewer."  During his first month on the job, Plaintiff's supervisors generally commented on his good work, however, they left and were replaced by a Ms. Cisneros and a Mr. Shaw. Soon after starting, Ms. Cisneros grew close to Mr. Johnson and suspicious of Plaintiff's work.  She asked Mr. Shaw to review Plaintiff's work regularly, and eventually ordered Plaintiff to sit in front of her so that she could see his computer screen while he worked.

At least four Hispanic women, all of whom were less educated than Plaintiff, were promoted to long-term positions while he was overlooked.  In fear of losing his job, he asked his department head if she would consider him for another position.  He hoped to be transferred into the Recertification Department, like many of his coworkers, but the department head told Plaintiff she could only transfer him to the Resources Department, which was undergoing a downsizing.  He applied for a two year term in the Resources Department but was not selected for the job.  Instead, younger employees with less education and experience were chosen.  Plaintiff filled out many applications for long-

term positions, but he was never selected.  He was let go one day after he submitted a suggestion concerning workplace improvements.

After Hurricane Katrina struck, FEMA called on many former employees but not Plaintiff.  On a tip from a friend, he applied at the Spherion Employment Agency where he was hired immediately and sent back to FEMA.  There, he worked under a Ms. Jackson, who had been the Floor Manager of the Resources Department during his previous tenure.  She moved Plaintiff to the night shift with new and inexperienced workers while his former colleagues retained better positions.  In January of 2006, Plaintiff and a small number of others were discharged.  He filed his first complaint with the Equal Employment Opportunity Commission ("EEOC") in January of 2005, his second complaint in August of 2005, and his third in January of 2006.

Plaintiff filed this action together with his motion to proceed *in forma pauperis* on September 21, 2012.  (Docs. 1, 2).  After an initial review, I found his Complaint deficient because it did not allege the federal statute under which he was bringing his claim; it did not allege a prima facie case of discrimination under Title VII; it did not assert that Plaintiff had exhausted his administrative remedies or timely filed his suit; and it did not include his injuries, requested damages, or other relief.  Before recommending that Plaintiff's motion be denied and his case dismissed, I outlined my concerns in an Order and afforded Plaintiff an opportunity to amend his Complaint.  (Doc. 5).  He subsequently filed a motion to appoint counsel, which the Court denied. (Docs. 7, 9).

On November 15, 2012, Plaintiff filed his first Amended Complaint.  (Doc. 12). After review, I concluded that it suffered from the same deficiencies as Plaintiff's original Complaint and I issued a report recommending that the Court deny the motion to proceed

- 3 -

*in forma pauperis*, and dismiss Plaintiff's first Amended Complaint without prejudice. (Doc. 13).  The Court adopted my recommendation and dismissed Plaintiff's first Amended Complaint.  (Doc. 14).  Two weeks later, he filed the SAC, which is currently under review by the Court.  (Doc. 15).  On January 29, 2013 the Court issued an Order requiring Plaintiff to pay court fees within twenty-one days.  (Doc. 17).  He responded on February 15, 2013 by filing another motion to proceed *in forma pauperis*, which the Court referred to me for a report and recommendation.  (Doc. 18).

The body of the SAC consists of eight paragraphs summarizing the administrative history of Plaintiff's EEOC claims.  It also states that his case is lengthy and complicated, and Plaintiff repeats his request for Court appointed counsel.  According to the SAC, Plaintiff filed three separate EEOC complaints based on race, color, national origin, age, and retaliation. (Doc. 15 ¶ 1).  The first two complaints were investigated and he received a "right to file notice," but for some reason, the third complaint was not handled with the first two and Plaintiff did not receive a right to file notice in connection with his third complaint for some time.  (¶¶ 2, 3).  The EEOC consolidated the first two complaints and set them for a hearing, but the Administrative Judge recommended that the parties settle.  Plaintiff requested $80,000 for damages and FEMA offered $5,000, which Plaintiff refused.[3]  (¶ 4).  Ultimately, Plaintiff dismissed his EEOC complaints and requested a Final Agency Decision.  (¶ 6).

Attached to the SAC are: (1) A hearing request cover sheet.  Under "Bases of Alleged Discrimination," Plaintiff wrote age, sex, retaliation, race, color, national origin, et al.  (Doc. 15-1 at 1).  (2) A second hearing request cover sheet.  This time, under "Bases

---

[3] This evidence is almost certainly inadmissible under Federal Rule of Evidence 408.

of Alleged Discrimination," Plaintiff wrote reprisal, favoritism, age, retaliation and sex. (Doc. 15-1 at 2).  (3) a FEMA form titled "Your Right to Equal Opportunity."  (Doc. 15-1 at 3).  (4) An email from counsel for FEMA conveying its $5,000 settlement offer.  (5) A list of Plaintiff's witnesses, including their anticipated testimony, which was prepared for the EEOC.  (Doc. 15-1 at 5).  (6) Orders of voluntary dismissal of Plaintiff's EEOC complaints.  (Doc. 15-1 at 112, 13).  (7)  A denial of reconsideration of Plaintiff's EEOC claims.  (Doc. 15-1 at14).  (8) A copy of the EEOC's compliance letter to FEMA.  (Doc. 15-1 at 19).

## II. Discussion

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2).  If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*.  See id.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989).  But, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.  See id. at 327.  A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794,

795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Federal Rule of Civil Procedure 8(a) requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Although district courts must apply a "less stringent standard" to the pleading submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

The SAC fails to state a cause of action. The only facts Plaintiff avers concern the EEOC proceedings. He has not alleged discrimination or reprisals by FEMA; he has not stated the federal statute(s) under which he is proceeding; he has not alleged damages; and he has not included a prayer for relief.

Under the framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to state a claim Plaintiff must allege that he is a qualified member of a protected class who was subjected to an adverse employment action in contrast to similarly situated employees outside the protected class. Alvarez v. Royal Atlantic Developers, Inc., 610 F.3d 1253, 1264 (11th Cir. 2010). The SAC does not contain averments of fact to satisfy these requirements. For example, the SAC does not allege that Plaintiff suffered adverse employment actions because he belonged to a protected class. It does not allege Plaintiff's age or the ages of the individuals who received the positions he was seeking, or that the people who received promotions were members of different races. There are no allegations that Plaintiff suffered because of his national origin or that the individuals who received promotions were of different national origins. Finally, the SAC does not allege that women were consistently promoted over men, or any facts showing that FEMA retaliated against Plaintiff. Consequently, the SAC is

facially insufficient under Fed. R. Civ. P. 8.

Assuming Title VII governs this case, the attachments to the SAC strongly suggest that the statute of limitations for Plaintiff's claim has run. Under Title VII, and as noted by the EEOC in the denial attached to the SAC, if a charge by the commission is dismissed by the EEOC then the EEOC must notify the claimant who then has 90 days to bring a civil action. 42 U.S.C. § 2000e-5(f)(1). The EEOC issued its denial of Plaintiff's claims on September 13, 2011 and Plaintiff filed this action on September 21, 2012, well after the 90 days had run.

Finally, in the SAC Plaintiff renews his request for a court appointed attorney. (Doc. 15 at 2). Unlike criminal defendants, a civil litigant has no absolute constitutional right to the appointment of counsel. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). The appointment of counsel for a civil litigant is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex that they require the assistance of a trained practitioner. Id. While there is no precise definition of what constitutes exceptional circumstances, courts have considered various factors including: (1) the type and complexity of the case, (2) whether the indigent person is capable of adequately presenting his case, (3) whether the indigent person is in a position to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting evidence and in cross examination. Collins v. Homestead Correctional Ins., 452 F. App'x 848, 850 (11th Cir. 2011) (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)). The key is "whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Although Plaintiff asserts that his case is "very lengthy and

complicated," the SAC does not suggest a high level of complexity warranting the appointment of counsel. Discrimination cases are common and at this point, nothing distinguishes this case from other cases in which pro se plaintiffs are denied appointed counsel. Accordingly, there are no exceptional circumstances justifying appointment of counsel for Plaintiff.

This is Plaintiff's third unsuccessful attempt to properly allege whatever causes of action he may have and the papers of record suggest that his claims are barred by the statute of limitations for Title VII claims. Therefore, further leave to amend would be futile.

### III. Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court: **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. 18); **DENY** Plaintiff's renewed motion for appointment of counsel (see Doc. 15); and **DISMISS** Plaintiff's case with prejudice.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on March 1, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Plaintiff, pro se

    Counsel of Record

Case 6:12-cv-01447-GKS-TBS   Document 19   Filed 03/01/13   Page 9 of 9 PageID 91

Counsel of Record